IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No.  CR 04-0606-PHX-DGC |
| | ) | CIV 05-1807-PHX-DGC (DKD) |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David Gil Rodriguez, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

David Gil Rodriguez filed a timely Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging he was denied effective assistance of counsel at sentencing because "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain," and that therefore his plea was not knowingly or voluntarily entered. Rodriguez pleaded guilty to Possession with Intent to Distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and was sentenced to a term of 30 months, followed by three years of supervised release. In his motion, he requests that his sentence be modified, maintaining that he is entitled to downward departures for aberrant behavior and as a deportable alien.

Because the Court finds that Rodriguez waived his right to collateral attack, it recommends that the motion be denied.[1]

The plea agreement, entered into between the parties and approved by the District Court, states in pertinent part:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant (including any constitutional claims pursuant to ***Blakely v. Washington***, 124 S.Ct. 2531 (2004) and the procedures that must be applied to determine a sentence under the Sentencing Guidelines that are waived pursuant to paragraph 2 above), providing the sentence is consistent with this agreement. *The defendant further waives:* (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) *any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.*

(Doc. #51 at 4-5) (emphasis added).

Courts will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000), and the waiver is knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). However, "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The Court finds that Rodriguez expressly waived his right to file a § 2255 motion as part of his plea agreement. However, the Ninth Circuit has expressed doubt that a defendant, by entering into a plea agreement, could waive certain claims of ineffective assistance of

---

[1] The Government maintains that Rodriguez's motion should be denied because he has failed to provide notice of change of address upon his release from the Bureau of Prison's custody, in violation of the Court's warning that a failure to do so could result in dismissal of his motion. A review of the BOP website indicates that Rodriguez was released on July 21, 2006. However, in light of the Court's conclusion that Rodriguez waived his right to collateral attack, it need not address this issue.

counsel brought pursuant to a § 2255 motion, notwithstanding an express plea waiver that covered all of a defendant's waivable statutory rights to file a motion pursuant to § 2255 challenging his conviction or sentence. However, those claims which are not waivable are limited to ones either challenging the knowing and voluntary nature of the plea agreement, or the voluntariness of the waiver itself. *See United States v. Jeronimo*, 398 F.3d 1149, 1156-57 n.4 (9th Cir. 2005), *citing United States v. Pruitt*, 32 F.3d at 433.

Although Rodriguez states that "his plea was not knowingly and voluntarily [entered]" because he "has not received the effective assistance of counsel in this regard" (Doc. #63 at 4), his essential argument is that he should have received a lesser term of imprisonment. He contends that "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain." He then cites two specific downward departures to which he believes he is entitled and that counsel should have sought: for aberrant behavior, and as a result of his status as a deportable alien (*Id*. at 4-5). Because Rodriguez is not challenging the voluntary nature of the plea agreement, or the voluntariness of the waiver itself, but instead is arguing for a lesser term, the Court finds that his claims of ineffective assistance of counsel have been waived by the explicit terms of the plea agreement.

**IT IS THEREFORE RECOMMENDED** that David Gil Rodriguez's Amended Motion to Vacate, Set Aside or Correct Sentence be **DENIED** (Doc. #63).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-*

1  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
2  determinations of the Magistrate Judge will be considered a waiver of a party's right to
3  appellate review of the findings of fact in an order or judgment entered pursuant to the
4  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

5  DATED this 17th day of October, 2006.

```
                                    _____
                                    David K. Duncan
                                    United States Magistrate Judge
```